IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                                          PLAINTIFF

v.                                              CASE NO. 1:09-CR-10016

NICHOLAS HAYNIE                                                                                   DEFENDANT

## ORDER

Before the Court is Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). (ECF No. 30). The Government has filed a response. (ECF No. 32). Defendant has filed a reply. (ECF No. 33). The Court finds this matter ripe for consideration.

On November 4, 2009, Defendant was named in a two count indictment returned by the Grand Jury for the Western District of Arkansas. (ECF No. 1). Count 1 of the Indictment charged Defendant with knowingly and intentionally distributing 5 grams or more of crack cocaine on or about September 28, 2009 in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). Count 2 of the Indictment charged Defendant with knowingly and intentionally distributing 50 grams or more of crack cocaine on or about September 30, 2009 in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii).. On December 2, 2009, Defendant appeared before the Court for an arraignment and entered a not-guilty plea as to Counts 1 and 2.

On March 8, 2010, Defendant appeared with counsel for a change of plea hearing before the Honorable Harry F. Barnes. (ECF No. 17). A written plea agreement was presented wherein Defendant would plead guilty to Count 2 of the Indictment. (ECF No. 18). In this agreement, Defendant stipulated that he sold 27.8469 grams of crack cocaine to a CI on September 28, 2009, and that he sold 55.8045 grams of crack cocaine to a CI on September 30, 2009. (ECF No. 18, ¶ 2).

On August 3, 2010, the Fair Sentencing Act ("FSA") went into effect increasing the drug

amounts necessary to trigger a mandatory minimum sentence for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum sentence and from 50 grams to 280 grams in respect to the 10-year minimum sentence. *See* 21 U.S.C. § 841.

On October 6, 2010, the Court conducted Defendant's sentencing hearing. (ECF No. 23). The Court determined Defendant's total offense level to be 34 and his criminal history category to be VI. (ECF No. 26). However, during sentencing, the Court granted the United States' motion for a reduction in the offense level for substantial assistance resulting in Defendant's final offense level to be 32 and a criminal history category of VI, an advisory Guidelines range of 210 – 262 months imprisonment. The Court sentenced Defendant on Count 2 to 210 months imprisonment, 5 years supervised release, and $100 special assessment. (ECF No. 25).

On December 19, 2013, Defendant, through counsel, filed the instant Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). (ECF No. 30). Defendant requests a reduction in his sentence under Amendment 750 to the United States Sentencing Guidelines which was adopted in response to the passage of the FSA and which reduced the base offense levels for offenses involving cocaine base. However, Amendment 750 cannot apply in Defendant's case. Defendant's sentence was based on his career offender status. The application of Amendment 750 is limited to cases where the sentencing guidelines were based on the quantity of cocaine base. In other words, Amendment 750 does not apply in cases where a defendant's sentence is based on a mandatory minimum sentence. *United States v. Lewis*, 476 F. App'x 100, 101 (8th Cir. 2012) ("[Defendant's] Guidelines range reflected the statutory minimum sentence, which was not lowered by Amendment 750."); U.S.S.G. § 5G1.1(b) ( "where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").

In this case, Defendant's sentence was based on the statutorily mandated minimum sentence under 21 U.S.C. § 841(b)(1)(A). He was not sentenced under the United States Sentencing Guidelines and therefore may not rely on Amendment 750 which lowered crack cocaine offense levels in § 2D1.1.

The Government points out that, while Defendant may not seek relief under § 3582(c)(2), if his request is construed as a motion pursuant to 28 U.S.C. § 2255, the Court can apply the more lenient penalties of the Fair Sentencing Act ("FSA") and correct Defendant's sentence in light of *Dorsey v. United States*, 132 S.Ct. 2321, 2326 (2012).[1]

In *Dorsey*, the Supreme Court held that the FSA applies in an initial sentencing proceeding that takes place on or after the statute's effective date of August 3, 2010, if the offense occurred before that date. *Id*. Defendant falls within the category of defendants contemplated by the Supreme Court in *Dorsey*. Defendant committed the offense in September 2009, before the enactment of the FSA, but was not sentenced until October 6, 2010, roughly two months after the FSA's enactment.

In this case, Defendant pled guilty to knowingly and intentionally distributing 50 grams or more of crack cocaine and was sentenced based on 83.6514 grams of cocaine base. Under pre-FSA law in effect at the time, the minimum term of imprisonment was 10 years and the maximum term of imprisonment was Life. 21 U.S.C. § 841(b)(1)(A)(iii) (2009 ed.). Because Defendant was determined to be a career offender and subject to a statutory maximum of Life imprisonment, the statutory maximum required a base offense level of 37 under the career offender guideline. U.S.S.G. § 4B1.1(b)(B) (2009). The Court then applied a three-level reduction for acceptance of responsibility

---

[1] In his reply, Defendant requests that the Court reclassify his motion for reduction as one brought pursuant to 28 U.S.C. § 2255. (ECF No. 33).

for a total offense level of 34. Combined with the United States' motion for a reduction in the offense level for substantial assistance, this resulted in a total offense level of 32 and a criminal history category VI with an advisory Guidelines range of 210 - 262 months applied. Defendant was sentenced to 210 months.

Applying the changes that took effect with the enactment of the FSA, the statutory maximum for Defendant's offense should be 40 years rather than Life before its passage. 21 U.S.C. § 841(b)(1)(B)(iii) (2010). Based on this lower statutory maximum, an offense level of 34, rather than 37, should apply. U.S.S.G. § 4B1.1(b)(3). Applying the same three-level reduction for acceptance of responsibility and applying the reduction for substantial assistance, the total offense level is 29 and the Guidelines range is 151-188 months imprisonment. The Government states that is has no objection to the Court imposing a sentence at the bottom of the Guidelines range.

Upon consideration, the Court finds that Defendant's motion for reduction of sentence (ECF No. 30) should be and hereby is **GRANTED**.[2] Defendant's sentence should be reduced to 151 months imprisonment. An amended judgment shall issue.

IT IS SO ORDERED, this day 2nd day of April, 2014.

/s/ Harry F. Barnes
Harry F. Barnes
Senior United States District Judge

---

[2]Defendant filed a *pro se* motion to appoint counsel (ECF No. 34). His previously filed motion to appoint counsel (ECF No. 27) was granted and counsel has been appointed. (ECF No. 28). Accordingly, Defendant's later-filed motion to appoint counsel (ECF No. 24) should be and hereby is **DENIED AS MOOT**.